IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00431-GPG

BRYCE ALBE-QUENZER,

    Plaintiff,

v.

TRENT REZNOR,

    Defendant.

---

ORDER OF DISMISSAL

---

**I. Background**

Plaintiff Bryce Albe-Quenzer resides in Aurora, Colorado. On March 2, 2015, the Court received a pleading from Plaintiff and an Application to Proceed in District Court Without Prepaying Fees or Costs that were filed *pro se*. The Court used the pleading to initiate this action. Magistrate Judge Gordon P. Gallagher reviewed the filings, granted Plaintiff's Application to proceed without payment of fees and costs, and directed Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 8. Plaintiff filed an Amended Complaint on March 26, 2015.

**II. Analysis**

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as Plaintiff's advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Because Plaintiff has been granted leave to proceed pursuant to the *in forma*

*pauperis* statute, 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.* For the reasons stated below, the Complaint and action will be dismissed as legally frivolous.

Plaintiff claims jurisdiction for his claims pursuant to 28 U.S.C. §§ 1391(b)(2) and 1332(a)(1). In general, Plaintiff asserts in the Amended Complaint that Defendant published a musical album titled, "Hesitation Marks," on September 3, 2013, which demonstrates Defendant is familiar with Plaintiff's "private life and concerns." Am. Compl., ECF No. 6, at 2. Plaintiff further asserts that Defendant has used technology and surveillance without legal authority to observe Plaintiff and the "issues" he has undergone and then has described the issues in the lyrics used in the Hesitation Marks album. *Id.* at 3. Specifically, Plaintiff asserts two claims as follows

Unreasonable Intrusion Upon the Seclusion of Another

> 1. In order to have so much insight about the plaintiff, the defendant's unexpected observation of him as a whole place the defendant at liability for intruding upon affairs which were not intended to be shared with him, nor anyone who wants to take and not give.
>
> 2. The defendant intentionally intruded on the plaintiff's seclusion and solitude. The intrusion would be considered offensive by a reasonable person in the plaintiff's position, and it has been a cause of damages to the plaintiff.
>
> 3. At the request to amend the original, which gave more examples, the invasion was unexpected, unwelcome - especially since there haven't been any 'accidental' discoveries of resources along the entire way, is not nearly absent of offense, and taking civil action is the smartest available

realistic decision.

## Outrageous Conduct

1. By having more loyalty to the criminal people in the plaintiff's past - demonstrated by the self evident resolution of issues remaining at the plaintiff's hands, the defendant would rather stand back when the plaintiff has struggled, offering no help when it is available, and causing more damage than the original issues.

2. By considering the plaintiff's known enemies more important when the plaintiff is the one with far more substance, it creates a number of possible ongoing reactions. "Huh?  You?  With THEM?  Versus ME?" - plenty of ongoing damage results from that combination of conclusions.

3. I hope this effort helps.  I know only from experience that the first thing that comes to mind is to argue until I'm heard versus typing this on a computer.  And I know from repeated experience that I *only* lose more while they gain more time, when I do that.  So I'm lucky to be filing this the way I know all other civil complaints of a similar nature to have been filed.

4. Since nobody cares about helping, additional compensatory damages are being demanded with filing the amended version.

ECF No. 6 at 4-5.

This is not the first civil complaint that Plaintiff has filed in a federal district court stating a theory that someone has used lyrics in a song that refer to Plaintiff and his personal life.  See *Albe-Quenzer v. Rouleau, et al.* No. 15-cv-10473-LJM-MKM (E.D. Mich. Filed Feb. 3, 2015) (plaintiff claims defendants have written songs about his personal life in violation of Michigan state stalking law; complaint is pending); *Albe-Quenzer v. Davis, et al.*, No. 14-cv-01399-LJO-JLT (E.D. Cal. Oct. 6, 2014) (plaintiff claims defendants have written songs about his personal life in violation of 18 U.S.C. § 242; dismissed because no right to private cause of action); *Albe-Quenzer [Bryce Colton] v. Bruce, et al.*, No. 14-cv-13304-LJM-MKM (E.D. Mich. Sept. 3, 2014) (plaintiff claims defendants released an album to harass plaintiff; dismissed as legally frivolous

3

and for failure to state a claim).

Like Plaintiff was told in the March 4, 2015 Order to Amend, the twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."

Plaintiff again, in the Amended Complaint, has failed to comply with Rule 8. The general rule that pro se pleadings must be construed liberally has limits and "the [C]ourt cannot take on the responsibility of serving as the litigant's attorney in constructing arguments. . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Nothing Plaintiff states in the "Background" section of the Amended Complaint or in either of the two claims, states a clear legal interest or facts that would support an arguable claim. In fact, like the previous three actions Plaintiff has filed in either the Eastern District of Michigan or the Eastern District of California, the Amended Complaint in this action is clearly baseless and borders on being fantastic and delusional. The Court, therefore, will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED April 15, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court